IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | No. 17-18861 |
| Sneh and Sahil Enterprises, Inc., | ) | *Hon. Deborah L. Thorne* |
| | ) | Hearing Date: March 19, 2019 |
| Debtor. | ) | Hearing Time: 10:00 a.m. |

**NOTICE OF MOTION**

To:   See attached Service List

PLEASE TAKE NOTICE that on March 19, 2019, at 10:30 a.m., I shall appear before the Honorable Deborah L. Thorne in Courtroom 613 of the Dirksen Federal Building, 219 S. Dearbom Street, Chicago, Illinois 60604, and then and there present the Reorganized Debtor's Motion to Issue Final Decree and Report as to the Status of its Plan of Reorganization, a copy of which is attached hereto and thereby served upon you.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　   /s/ Timothy C. Culbertson   

CERTIFICATION OF SERVICE

I, the undersigned attorney, certify that I served those appearing on the Service List attached hereto a copy of this Notice and the Reorganized Debtor's Motion to Issue Final Decree and Report as to the Status of its Plan of Reorganization, by causing the same to be delivered by the Court's CM/ECF filing system to those who receive such notices, and as to the remaining recipients by causing the same to be placed in the U.S. Mail, first class postage prepaid, before the hour of 4:30 p.m. on this 12th day of March, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　   /s/ Timothy C. Culbertson   

Timothy C. Culbertson
ARDC No. 6229083
P.O. Box 677
Cary, Illinois 60013
(847) 913-5945
tcculb@gmail.com

## Service List

<u>Via CM/ECF</u>:

Office of the U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

Brandon R. Freud on behalf of Creditor MB Financial Bank
brfreud@rwrlaw.com

Kenneth D. Peters ob behalf of Direct Capital Corporation
kpeters@dresslerpeters.com

Sneh and Sahil Enterprises, Inc.
shahsanjay@hotmail.com

<u>Via U.S. Mail</u>:

U.S. Small Business Assoc.
2401 W. White Oaks Dr.
Springfield, IL 62704

Axis Capital, Inc.
308 N. Locust St., Suite 100
Grand Island, NE 68801

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

IL Dept. of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph St.
Chicago, IL 60606

Illinois Dept. of Employment Security
4519 W Main St.
Belleville, IL 62226

The Leasing Experts, Inc.
9710 E. Indigo St., Suite 2
Miami, FL 33157

Financial Pacific Leasing, Inc.
P.O. Box 4568
Federal Way, WA 98001

U.S. Bank Equipment Finance
1310 Madrid St.
Marshall, MN 56258

Financial Agent Svcs.
P.O. Box 2576
Springfield, IL 62708

Wells Fargo Bank
300 Tri-State International
Lincolnshire, IL 60069

State Bank of Texas
11950 Webb Chapel Rd.
Dallas, TX 75234

Macy's American Express Card
PO Box 8113
Mason, OH 45050

American Express
P.O. Box 30384
Salt Lake City, Utah 84130-0384

Chase Card
PO Box 1423
Charlotte, NC 28201

Citi Credit Card
P.O. Box 6500
Sioux Falls, SD 57117-6500

Bank of America Credit Card
P.O. Box 15019
Wilmington, DE 19850-5019

Costco Visa Card
PO Box 790046
St. Louis, MO 63179

Pay Pal Credit Card
PO Box 960080
Orlando, FL 32898

IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | No. 17-18861 |
| Sneh and Sahil Enterprises, Inc., | ) | *Hon. Deborah L. Thorne* |
| | ) | Hearing Date: March 19, 2019 |
| Debtor. | ) | Hearing Time: 10:00 a.m. |

**REORGANIZED DEBTOR'S MOTION TO ISSUE FINAL DECREE
AND REPORT AS TO THE STATUS OF ITS PLAN OF REORGANIZATION**

The Reorganized Debtor ("the Debtor"), by and through its attorney, Timothy C. Culbertson, moves this Court to issue a Final Decree in this matter pursuant to F.R.Bankr.P. 3022, and in further support hereof, states as follows:

1. On December 18, 2018, this Court issued an Order confirming the Debtor's Amended Plan of Reorganization ("the Plan").

2. Paragraph 1.11 of the Plan defines the Effective Date thereof as the date thirty (30) days following the entry of the Final Order confirming the Plan.

3. The Plan Effective Date occurred on January 17, 2018, and the Order confirming the Plan has become a final Order.

4. Pursuant to the Plan, as of the Effective Date, the following acts were to have occurred: the Reorganized Debtor was to either retain its DIP checking account or open a new account separate from its business operating account for the purposes of funding and disbursements under the Plan. The Reorganized Debtor is to deposit the monthly Plan payment into that separate account and make distributions to creditors as set forth in the Plan above on the last business day of each third month following the Plan Effective Date until completion of all required payments. To

date, all of the forgoing requirements under the terms of the Plan have been complied with by the Debtor.

5. Prior to confirmation of the Plan, the Debtor had reviewed the Claims filed in the case as well as its pre-petition activities and determined that no further objections to claims or other adversary matters were warranted. All of such matters that were raised by the Debtor during the course of this case have been disposed of by the Court or by agreement. Accordingly, there are no pending and continuing contested or adversary matters related to this Chapter 11 case.

6. Section 350 of the United States Bankruptcy Code provides in relevant part as follows: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). F.R.Bankr.P. 3022 provides in as follows: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." The Advisory Notes of Rule 3022 provide in most relevant part as follows:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Further, Courts have recognized that the fact that disbursements under the Plan will become due in the future does not preclude the entry of an order closing a Chapter 11 case. *See, e.g.*, *In re JMP-Newcor International, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998). Finally, Section 1101 of the Code provides that:

2

  (2) "substantial consummation" means—

    (A) transfer of all or substantially all of the property proposed by the plan to be transferred;

    (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

    (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

  7. As set forth herein above, the Order confirming the Reorganized Debtor's Plan has become a final Order, and the Reorganized Debtor has complied with all of the requirements set forth in the Plan to date. Specifically, Sanjay Shah, the Debtor's President has assumed the management of the business of the Reorganized Debtor as set forth in the Plan, payments under the terms of the Plan have commenced, and no motions, contested matters or adversary proceedings remain pending. Accordingly the Reorganized Debtor believes that an order closing this case is appropriate at this time.

  WHEREFORE, the Reorganized Debtor, Sneh and Sahil Enterprises, Inc., prays that this Court grant the relief requested herein, and issue a Final Decree closing the case.

               Sneh and Sahil Enterprises, Inc.

            By: /s/ Timothy C. Culbertson
               Its Attorney

Timothy C. Culbertson
ARDC No. 6229083
P.O. Box 677
Cary, Illinois 60013
(847) 913-5945
tcculb@gmail.com

3